UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 1 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

Thomas L. Switzer

Plaintiff

vs.

Credit Acceptance Corporation

Defendant

Case No: 5:08CV00071

Verified Complaint

Jury Demanded

**VERIFIED CIVIL COMPLAINT FOR INJUCTIVE AND MONETARY RELIEF**

Comes now, Plaintiff, Thomas L Switzer, and in direct support of such complaints now before this Court, alleges, states, and submits the following:

**INTRODUCTION AND NATURE OF THE CASE**

This is an action at law, at common law, and also in equity, to vindicate and restore various rights of the Plaintiffs secured under the Fair Debt Collection Practices Act and the UCC as adopted by Virginia and for the Plaintiffs to claim all rights, damages, and forms of relief obtainable under any available means.

1

## JURISDICTION

The jurisdiction of this court is invoked under the Interstate Commerce Clause, *( United States Constitution, Article 1, Section 8, Clause 3, United States Constitution, Article III, section 2, 28 U.S.C. § 1331)*, Diversity of Citizenship *(United States Constitution, Article III, section 2, 28 U.S.C. § 1332)* , VA law *(VA Code § 8.9A-609 (2))* , the Uniform Commercial Code *(UCC 9-503)*, and the Federal Fair Debt Collections Practices Act *(15 U.S.C. § 1692 et seq, United States Constitution, Article III, section 2, 28 U.S.C. § 1331)* The Plaintiff is a citizen of Virginia bringing an action against Credit Acceptance Corporation, Headquartered in Michigan. While there are inherent questions of State law that derive from each individual state's application of the UCC, payments to the lender where made electronically across state lines and where therefore predominantly governed by Federal Law. *Swift v. United States, 196 U.S. 375 (1905)*, was a decision by the United States Supreme Court, which held that the Commerce Clause covered meatpackers; although their activity was geographically "local," they had an important effect on the "current of commerce", and thus could be regulated under the Commerce Clause. Federal subject matter jurisdiction is proper in this case.

## VENUE

The incidents occurred in Augusta County and Rockingham County, VA. Plaintiff is a resident of Page County, VA. Venue is proper in this court.

## PARTIES

The Principle Plaintiff in this cause is the debtor and owner of the vehicle : Thomas L Switzer who resides at 614 E Main St. , Stanley, VA, 614 E. Main St., Apt. #2, Stanley, VA 22851.  He may be joined if they intervene on there own Motion at a later time by the following:  His wife and co-owner of the vehicle but not a co-debtor , Terr L Switzer. Her two children : Hannah and Evan Brust who all reside with Thomas L Switzer.  The Goldwrench Automotive Repair Shop, 588 East Side Highway, Waynesboro, VA 22980

The Principle defendant in this cause is the lender, leinholder, Credit Acceptance, Corporate Headquarters, 25505 West Twelve Mile Road, Southfield, MI 48034, Phone: (248) 353-2700 . The repossession agency hired by Credit Acceptance is L&K Recovery, Clinton, MD (street address not available), Phone: (301) 868-6800.  L&K has a waiver form for it's clients posted on the Internet. Presumably, then Credit Acceptance is completely liable for these acts by agreement and by law.

## BACKGROUND

I ( the Plaintiff) purchased a car from a local dealer in Waynesboro, VA in or about June 2006 and had it financed by Credit Acceptance. I was frequently late on the payments

and my account remained in collections the majority of the time which triggered a barrage of excessively frequent (as in multiple times per day) phone calls. These calls started about 8AM in the morning and would continue until after 9PM at night. I would come home from work and my family would complain that the calls would come every hour. I would call them or answer when I had the money to make payment arrangements and was promised by the collection agent that the calls would cease until after the payment was due. However, it was often the case, the calls did not stop and I had to remind the agent of our agreement. There response was no one noted the arrangements on my account and that the system is designed to automatically trigger the barrage of phone calls of you are delinquent on your account. Only after the phone company disconnected my phone service and I got new service and a number did the calls stop.

My family and I resided in Augusta County and we where moving to Page County at the time the incident involving the repossession agent at our former residence in Grottoes occurred. The car designated for repossession was not there so he had no reason to trespass on our property where signs where clearly posted forbidding him to do so. I was not home. He used threats and intimidation directed to my wife to ascertain my and the car's whereabouts. He then confronted me at a nearby shopping center in Grottoes where I informed him of the situation and objected to his actions because the repair shop had not been paid for the repairs. He said he would take the car anyway. The harassment

4

did not stop there. We then went to a Service Station in Harrisonburg to rent a moving truck and we where again confronted by the agent. He had the car in tow so he had no reason to confront us. He claimed that he just wanted to be a good Samaritan and allow us to remove our belongings from the vehicle. So we removed the remaining items and I again objected to his actions to which he responded with insults and threats to not return the car tags to DMV and to repossess every car that I purchase. These incidents occurred on or about the 4th of August, 2008 and where witnessed by my family, Steve (the maintenance man at or former residence), the owners of the Goldwrench Automotive Repair Shop , located in Waynesboro, VA and the owner/manager and an employee of the Chevron Service Station located in Harrisonburg, VA and the Augusta County Sheriff's Department was called by the Repair Shop owners who reported the car as stolen. A officer came to our former residence after the Sheriff's office called my mother inquiring as to my whereabouts.

## CAUSE OF THE ACTION

Plaintiff asserts that Credit Acceptance violated the Fair Debt Collection Practices Act by making harassing phone calls.

Plaintiff asserts that a repossession agent hired by Credit Acceptance committed a breach of peace in the course of his duties in violation of the Fair Debt Collection

Practices Act, Virginia law, and the UCC. Plaintiffs cite a Texas case where the Plaintiff was awarded $1.2 Million in damages in support of there claims. See *MBank El Paso v. Sanchez, 836 S.W.2d 151*. Plaintiff believes that Virginia law is so similar that the court may apply the law in Virginia with the same result. The Virginia law derives from the UCC as adopted by the individual states. *See the Uniform Commercial code (UCC 9-503)*, a secured party has the right to take possession of the debtor's collateral on default without judicial process if <u>breach of peace</u> does not result from the action. Breach of Peace - any act which disturbs the public or even one person. It can include almost any criminal act causing fear or attempting intimidation, such as displaying a pistol or shouting inappropriately. *See VA Code § 8.9A-609 (2) and Wallace v. Chrysler Credit Corp., 742 F. Supp. 1228 (W.D. VA 1990)*.

## FIRST CLAIM FOR RELIEF

Plaintiff asserts the following actions by the repossession agent constituted a breach of the peace in violation of State law and violated the FDCPA and Credit Acceptance is liable for each claim individually and there entirety:

I. Threats of arrest for unauthorized use of a vehicle.

II. Trespassing on Plaintiffs property where signs forbidding him do so where clearly

posted

III. Chasing Plaintiff's wife and step-son around in her car.

IV. Demanding to know the whereabouts of Plaintiff when he wasn't home.

V. Removing the car without permission from a repair shop without paying for the repairs

VI. Removing the car from the Repair shop despite Plaintiff's objections.

VII. Later getting involved in a confrontation with the Plaintiff at a Service Station after he had recovered the vehicle where the Plaintiff objected to the agent's behavior and the agent responded with abusive language , threats of unlawful acts, and spend off with the Plaintiff's vehicle in tow.

VIII. Stalking the Plaintiff and his family.

## SECOND CLAIM FOR RELIEF

Plaintiff asserts that Credit Acceptance violated the FDCPA in it's phone collection activities when it made excessive and even unnecessary phone calls to the Plaintiff and his family.  Frequently calling in excess of 10 times per day and frequently calling the Plaintiff and his family after payment arrangements had been made and the lender had promised not to call. Plaintiff had to change his number or face a barrage of phone calls and complaints from his family.

## RELIEF SOUGHT

Trial by jury is demanded. Plaintiff seeks monetary and punitive damages of an amount in excess of $1,000,000 as determined by this court, a declaration that the repossession is void, payment to the Repair Shop for the Repairs, the return of he repossessed vehicle and a protection order ordering the lender or it's agents to refrain from contacting the Plaintiff or his family in regards to this debt.

RESPECTFULLY SUBMITTED,

Thomas L Switzer
614 E Main St.
Apt #2
Stanley, VA 22851

DATED: This 18th Day of August, 2008

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and specifically by the provisions of *28 USC § 1746*, that I am the principal Plaintiff in the above en captioned action and that the above and foregoing information contained within the same are true and correct to the best of my knowledge, information, and belief.

AFIRMED,

*[signature]*
_____
Thomas  L Switzer
Plaintiff
614 E Main St.
Apt #2
Stanley, VA 22851

DATED: This 18th Day of August, 2008