CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
NOV 25 2008
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | ) |
| Plaintiff, | ) Civil Action No. 5:08CV00071 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| CREDIT ACCEPTANCE CORPORATION | ) |
| Defendant. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

This is an action by plaintiff, Thomas L. Switzer, under the Fair Debt Collection Practices Act, Pub. L. No.95-109, 91 Stat. 874 (1977) (codified as amended at 15 U.S.C. § 1692-1692o (2000)) ("FDCPA") against defendant, Credit Acceptance Corporation ("Credit Acceptance"), claiming that Credit Acceptance, which financed Switzer's purchase of an automobile, engaged in unlawful and abusive collection practices when Switzer became delinquent in making payments. Credit Acceptance has moved to stay these proceedings until the completion of binding arbitration. The court concludes that all issues raised in this action are arbitrable and must be submitted to arbitration, and therefore will dismiss rather than stay the proceeding.

I.

Switzer purchased an automobile from a local dealer in Waynesboro, Virginia in April 2006, and Credit Acceptance financed the transaction. The retail installment contract contains an arbitration clause which Switzer was free to reject within 14 days. The clause provides that either party may require that any dispute be "fully resolved by binding arbitration" and broadly defines a dispute to include "contract claims and claims based on tort or any other legal theories." The agreement also expressly provides that the arbitrator will decide whether a particular dispute

is subject to arbitration as well as any question involving enforceability of the arbitration clause. When a dispute is submitted to arbitration, the agreement provides that for the first day of arbitration Credit Acceptance will pay various fees and costs including the arbitrator's fees. Credit Acceptance will also pay any other amounts "the arbitrator determines that [Credit Acceptance] must pay in order to assure the enforceability" of the arbitration clause.

## II.

Credit Acceptance has moved to stay these proceedings and compel binding arbitration. Switzer has responded with a "motion for referral for alternative dispute resolution" but denies that he can be compelled to submit his statutory claim to binding arbitration. The court finds otherwise and compels arbitration.

The Supreme Court has recognized that "federal statutory claims can be appropriately resolved through arbitration and . . . [has] enforced agreements to arbitrate that involve such claims." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 89 (2000). "[S]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute serves its functions." Id. at 90 (internal quotations omitted). The court "first ask[s] whether the parties agreed to submit their claims to arbitration, and then ask[s] whether Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Id. The burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue rests with the party opposing it. Id. at 91-92.

With these precepts in mind, the court finds that Switzer's claims are subject to binding arbitration because clearly they are disputes within the broad definition of disputes subject to binding arbitration under Switzer's retail sales contract, and nothing suggests that Congress

2

intended to preclude an arbitral forum for FDCPA claims.

Switzer counters that because he is proceeding *in forma pauperis* and cannot afford to pay the cost of arbitration, the court should consider his arbitration clause unenforceable as unconscionable or against public policy. However, where "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Id. at 92. Switzer has not met that burden, and given the terms of the arbitration clause, he cannot meet it. Credit acceptance is obligated to pay the various fees and costs including the arbitrator's fees for the first day of arbitration and Credit Acceptance is obligated to pay any other amounts "the arbitrator determines that [Credit Acceptance] must pay in order to assure the enforceability" of the arbitration clause. In short, the risk that Switzer will be "saddled with prohibitive cost is too speculative to justify the invalidation of [the] arbitration agreement." Id. at 91. Accordingly, the court will order arbitration of all issues raised in this action and dismiss it from the docket.

### III.

For the reasons stated, Switzer will be required to submit this dispute to binding arbitration, and the court will dismiss it from the docket.[1]

**ENTER**: This November 24, 2008.

UNITED STATES DISTRICT JUDGE

---

[1] Given the court's ruling that the issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action serves no purpose. "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1164, 1164 (5th Cir. 1992).

3