CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 02 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, | ) |
| Plaintiff, | ) Civil Action No. 5:08CV00071 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| CREDIT ACCEPTANCE CORPORATION | ) |
| Defendant. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

This is an action by plaintiff, Thomas L. Switzer, under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 (2006) ("FDCPA"), against defendant, Credit Acceptance Corporation ("Credit Acceptance"), claiming that Credit Acceptance, which financed Switzer's purchase of an automobile, engaged in unlawful and abusive collection practices when Switzer became delinquent in making payments.

Credit Acceptance moved to stay these proceedings until the completion of binding arbitration. Upon concluding that all issues raised in this action were arbitrable, the court ordered the parties to submit to arbitration and dismissed the matter from the docket of the court. Following arbitration, Switzer has filed a Motion to Vacate the Arbitrator's Award, and Credit Acceptance has filed a Motion to Confirm the Arbitrator's Award. The court concludes it lacks jurisdiction to reopen the case, and thus, the court declines to rule on either motion. The parties, at their option, may address the validity of the arbitrator's award by initiating a separate civil suit.

I.

Switzer, by means of a Motion to Vacate the Arbitrator's Award, seeks to reopen a closed

case. The court finds that it cannot reopen a closed case because it lacks jurisdiction to do so.[1] The Supreme Court has held that "[w]here . . . the District Court has ordered the parties to proceed to arbitration, and dismissed all claims before it, the decision is 'final' under § 16(a)(3) . . . ."[2] Green Tree Fin. Corp. v. Randolph, 531 U.S. 79 (2000). Once a decision is final, the court no longer has jurisdiction over the matter. Therefore, the court lacks jurisdiction to reopen this matter. The Supreme Court has noted, however, that "[t]he FAA does permit parties to arbitration agreements to bring a *separate proceeding in a district court* to enter judgment on an arbitration award once it is made (or to vacate or modify it), [even though] the existence of that remedy does not vitiate the finality of the District Court's resolution of the claims . . . ." Id. at 86 (emphasis added). Accordingly, the parties, at their option, may institute a separate civil suit to determine the validity of the arbitrator's award. Id. at 87.

## II.

For the reasons stated, the court declines to rule on either the Motion to Vacate the Arbitrator's Award or the Motion to Confirm the Arbitrator's Award.

**ENTER:** This September 2, 2009.

UNITED STATES DISTRICT JUDGE

---

[1] Once a final decision – such as a decision to dismiss a case from the court's docket – has been made, the District Court no longer has subject matter jurisdiction in that case. See Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86–87 (2000).

[2] The Supreme Court defines a final decision as one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Id. at 79.

2